THE CITY OF YONKERS, Plaintiff, v. THE YONKERS ELECTRIC LIGHT AND POWER COMPANY, Defendant.

(*Supreme Court, Appellate Division, Second Department, June 9, 1916.*)

PUBLIC SERVICE CORPORATION—ELECTRIC LIGHTING CORPORATION—FRANCHISE REQUIRING COMPANY TO FURNISH FREE LIGHTS TO MUNICIPALITY—SUBMISSION OF CONTROVERSY—WHEN RIGHTS OF PARTIES NOT DETERMINED OWING TO INSUFFICIENT AGREEMENT AS TO FACTS—PROVISIONS OF FRANCHISE CONSTRUED.

Where the franchise given by a municipality to an electric lighting company required it to furnish free to the city "at such places as the Common Council may designate one electric arc lamp for each and every twenty-five subscribers," and also required the lighting company to file annually with the city clerk a report of the names and number of its subscribers, and the company has never complied with these requirements, the court will not determine the rights of the municipality as against the lighting company or render judgment for damages for non-performance on a submission of controversy under section 1279 of the Code of Civil Procedure, if the facts agreed upon are not sufficiently full and complete to admit of a determination by the court.

*It seems,* however, that the defendant may be liable for its failure to perform the requirements of its franchise and may be compelled to do so.

*It seems,* moreover, that the requirement that the defendant file annually a report of the names and number of subscribers was a prerequisite to a designation by the common council of the places where the free lights were to be placed.

*It seems,* also, that the defendant was not freed from the obligations of its franchise by the fact that it had subsequently changed its electric lighting system with the advance of the art and had installed meters and charged customers for current actually consumed, rather than at a fixed rate per annum as previously.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

Max Cohen, for the plaintiff.

Henry J. Hemmens, for the defendant.

JENKS, P. J.—This is a controversy submitted pursuant to section 1279 of the Code of Civil Procedure. In 1885 the plain tiff, a municipal corporation, granted a franchise or privilege to the defendant, a corporation, to furnish electric light and powei in the city of Yonkers. The defendant thereupon set up its plant and began such business. After 1886, from time to time, contracts were made between the parties whereby the defendant furnished electric light and power for the public streets, parks, places and buildings of the said city. One (or more) of such contracts now exists.

This controversy arises from the non-fulfilment of a condition of that franchise, which is that the grantee and its successors, and, therefore, this defendant, " shall furnish free to the City of Yonkers at such places as the Common Council may designate one electric arc lamp for each of every twenty-five subscribers, * * * and keep the same burning " for certain prescribed hours. The franchise also required that between the 2d and 10th days of January and July in each and every year the grantee (and its successors) should file with the city clerk a verified report of " the names and number of subscribers had and obtained," and provision was made for inspection of the grantee's books by certain officers of the city for verification of such reports. It is agreed that the defendant has never filed any report and has never furnished any electric arc lamps free to the city. Nor does it appear, as for performance of this condition, that any free light has ever been furnished. It does not appear that these provisions were changed or modified by any direct action of the parties or that any attempt was made for that purpose. These conditions were part of this franchise. (See Joyce Electric Law [2d ed.], § 359; Keasby Electric Wires [2d ed.], § 39; Dillon Mun. Corp. [5th ed.], § 1304.)

The plaintiff demands judgment that the defendant perform maintainable cause of action against the defendants, but the demurrer assumes that it has a cause of action against each of

them and that they are improperly united.    The respondent is essentially interested in the remedy that the plaintiff is seeking to enforce.

The order should be reversed, with ten dollars costs and disbursements, and the motion for judgment on the pleadings granted, with ten dollars costs, with leave to the demurrant to plead over upon payment of costs.

JENKS, P. J., CARR, STAPLETON and PUTNAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion for judgment on the pleadings granted, with ten dollars costs, with leave to the demurrant to plead over upon payment of costs.